**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Michael Disch, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Colby Braun, Warden, | ) | Case No. 1:15-cv-087 |
| | ) | |
| Respondent. | ) | |

## I. BACKGROUND

Petitioner Michael Disch ("Disch") is an inmate at the North Dakota State Penitentiary ("NDSP"). He initiated the above-entitled action on June 30, 2015, with the submission of an application to proceed *in forma pauperis* and what is styled as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserts in relevant part the following:

> 5. This petitioner was sanctioned to 3 days R.T.Q. "restriction to quarters". For violation of disciplinary code 107 "Loaning or borrowing property of another. I was given 3 days of R.T.Q. for violation of code 103 "False testimony to a staff member". I was given 3 days of R.T.Q. for violation of code 110 "Attendance in an unauthorized area". About 1 week latter I was given 3 more days of R.T.Q. for violation of code 106 "Alteration of state property" for covering my cell vent.
>
> First I was not given the required 24 hour notice of charges agenst me. Pursuant to the ruling in the case of Wolff v. Mcdonnell 418 US 539 (1974) The court held that "for the minimum requirements of procedural due-process to be satisfied in the state disciplinary hearings, prisoners must be provided with advanced written notice to inform them of the charges and enable them to marshal the facts and prepare a defense, and at least no less then 24 hours should be allowed to the inmate to prepare for the appearance at the disciplinary hearing." This was not done in this petitioners case, nor is done at all at this prison for any inmate. When I was sanctioned to the R.T.Q. I was not given the required 24 hour notice before I was to have the disciplinary hearing. All that was done was I was called into a room with a staff member and the report was read to me and I was given the sanctions.
> Myself or other inmates are not allowed to present documentary evidence in the

1

hearing. Myself or other inmates are not allowed to call witnesses, nor was myself or other inmates given a written statement by the fact finders as to the evidence relied on and the reason for any disciplinary action. This is a violation of my due-process right under the United States Constitution.

6. When I or any other Inmate is given a sanction for a level 1 or 2 incident report pursuant to the inmate handbook page 12 and 15 is states on page 12 "Level 1 sanctions may not be appealed". On page 15 of the inmate handbook "Level 2 sanctions may not be appealed". When I was given the sanctions I was not able to file an appeal of the sanctions given to me. The fourteenth amendment states that a state may not deprive any person of life, liberty, or property, without due-process of law. The courts have ruled many times than an inmate does not shed all federal constitutional rights at the prison gate. The courts have also ruled that any time that an inmate is given a punitive disciplinary saction is given to the an inmate that inmate has the constitutional right to file an appeal in that case. The North department of corrections takes away the inmates federal protected rights by violating the United States constitution. Inmates get no due-process rights at the hearings in this prison.

7. After an inmate has done his disciplinary sanctions the inmate can be placed in administrative segregation. In the handbook for segregation on page 4 "An inmate can be referred to A.S. by the wardon or any staff member". Next the inmate has a hearing (the inmate can not be at this hearing). The A.S. committee will determine if placement is warranted. when I was put in A.S. I was not allowed to be at the hearing I was not allowed to present documentary evidence to call witnesses or to be heard on why I should not be placed in A.S. My due process rights were violated.

Pursuant to the inmate handbook I do have the right to appeal the placement of myself in A.S. The way this is set up a staff member for any reason (he just might not like you) and you get placed in A.S. and the inmate can not appeal the placement This prison acts like the due-process amendment does not apply to them the amount of times that they violate inmates rights.

8. Inmates that are on R.T.Q. or that are placed in (per hearing detention status) get no out of cell exercise. Inmates on R.T.Q. only get to go to eat meals and shower, This prison says that this counts as out of cell recreation. the prison must feed and let us take a shower any way, Inmates as my self when I was placed in administrative segregation (per-hearing states) myself and other inmates do not get any out of coll exercise there is no set time limit on how long a inmate can be with no out of cell exercise. The 28-C.F.R. section 540 states "After an inmate is in segregation for 24 hours he is to get his 5 hours of out of cell recreation each week. This prison does not provide this to inmates. See the case of Delancy v. Detella, 256 F.3d 679 (7 th cir. 2001) held that "Exercise is one of the basic human needs and that prisons officials must provide for under the eighth amendment." Also see the case

> of Pierce v. county of orange 526 F3d 1190 (9 th cir 2008). stating that "prison officials must provide at least 5 hours of out of cell exercise each week myself nor other inmates on R.T.Q. or per hearing detention status get his federal protected constitutional right.

(Docket No. 2) (errors in original). He seeks monetary damages for each alleged violation of his rights, a court-ordered change in the NDSP's disciplinary and recreational policies, and his immediate release from administrative segregation.

## II.  DISCUSSION

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983." Flores v. Jacquez, No C-2773, 2010 WL 4008788, at * 1 (N.D. Cal. Oct. 5, 2010). "Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus." Id. (quoting Hill v. McDonough, 547 U.S. 573, 579 (2006)); Preiser v. Rodriquez, 411 U.S. 475 (1973). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id. (citing Docken v. Chase, 393 F.3d 1024, 1028 (9th Cir.2004)).

The avenue of relief chosen by Disch is a petition for habeas corpus. However, he is not contesting the fact or duration of his confinement. Rather, he is taking issue with the procedures used to restrict him to quarters, the procedures that apparently culminated in his placement in administrative segregation, and the alleged lack of recreational opportunities afforded to inmates in administrative segregation. Such claims are not generally cognizable in a habeas corpus petition. See Pettersen v. Clark, 82 F.3d 421 (8th Cir. 1996) (concluding that complaints regarding conditions of confinement and due process violations in connection with placement in segregation were not cognizable in a habeas petition); see also Flores v. Jacquez, No C-2773, 2010 WL 4008788, at * 1;

3

Montgomery v. Director, No. 1:04-CV-256, 2006 WL 1529550, at *1 (E.D. Tex. June 1, 2006) (Report and Recommendation) ("As a petition for writ of habeas corpus may not be used to challenge the conditions of an inmate's confinement, petitioner's complaints concerning his placement in administrative segregation is not cognizable in this proceeding."); Dodd v. Smith, No. 3:CV 05 1802, 2005 WL 2234642, at *2 (M.D. Pa. Sept. 14, 2015) (concluding that an inmate's challenge to the conditions of his confinement as well as the sanctions imposed in the disciplinary proceeding-sanctions which did not result in the forfeiture of good time credits and which did not extend the length of his incarceration were not cognizable in a habeas action); cf. Smalley v. White, 76 F.3d 382 (8th Cir. 1996) (addressing an inmates challenge to a placement in administrative segregation in the context of a § 1983 action); but see Kirkland v. Jones, No. , 2015 WL 2372778, at * 2 (N.D. Fla. May 18, 2015) ("[I]t is proper for a district court to treat a petition for release from administrative segregation as a petition for a writ of habeas corpus because such release falls into the category of 'fact or duration of ... physical imprisonment." (internal quotations omitted)). This does not end the court's analysis, however.

The court must construe Disch's *pro se* petition liberally. An appropriate construction would be to treat this matter as a civil rights action. See Spencer v. Haynes, 774 F.3d 467, 470 (8th Cir. 2014). However, the court will not do so absent Disch's consent on account of the fact that "a habeas corpus action and a prisoner civil rights suit differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." Robinson v. Sherrod, 631 F.3d 839, 840-41; see also Kruger v. Erickson, 77 F.3d 1071, 1073-74 (8th Cir 1996) (discussing the

4

fundamental differences between a civil rights action and a habeas action).

## III.     CONCLUSION

The court shall hold Disch's application to proceed *in forma pauperis* in abeyance. Disch shall advise the court by August 17, 2015, whether he wishes to pursue his claims under the guise of a civil rights action. Failure to so advise the court will result in the dismissal of the above-entitled action without prejudice.[1]

**IT IS SO ORDERED.**

Dated this 4th day of August, 2015.

/s/ *Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court

---

[1] Should Disch elect to transform this action into a civil rights action, he will be responsible for the full $350 filing fee, which he will be permitted to pay in installments should the court grant his application to proceed *in forma pauperis*. 18 U.S.C. § 1915. In addition, his claims shall be screened by the undersigned as mandated by 28 U.S.C. § 1915A. Unless and until Disch makes an election, the undersigned need not address the merits of his claims.

Disch should take heed that, if he seeks to pursue his due process claim, he will have to make a threshold showing that the alleged deprivations imposed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 474 (1995); see also Williams v. Hobbs, 662 F.3d 994, 1000 (8th Cir. 2011) (" In the [administrative segregation] context, the determination of whether prison officials have denied an inmate due process involves a two-step inquiry. Specifically,[the plaintiff] must first demonstrate that he was deprived of life, liberty, or property by government action. To prevail on such a claim based on prison housing, an inmate must show that the segregation created an atypical and significant hardship on him in relation to the ordinary incidents of prison life to demonstrate that his liberty interest was curtailed." (internal citations and quotation marks omitted)); Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) ("[T]here is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations. Rather, any liberty interest must be an interest in the nature of the prisoner's confinement, not an interest in the procedures by which the state believes it can best determine how he should be confined." (internal citations and quotation marks omitted)).