**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Michael Disch, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER RE CONVERSION OF THIS** |
| | ) | **ACTION TO A CIVIL RIGHTS ACTION** |
| vs. | ) | **AND GRANTING PLAINTIFF'S** |
| | ) | **MOTION TO PROCEED IN FORMA** |
| Colby Braun, Warden, | ) | **PAUPERIS** |
| | ) | |
| Defendant. | ) | Case No. 1:15-cv-087 |

Plaintiff Michael Disch ("Disch") is an inmate at the North Dakota State Penitentiary ("NDSP"). He initiated the above-entitled action on June 30, 2015, with the submission of an application to proceed *in forma pauperis* and what is styled as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Construing Disch's petition liberally, the court concluded that the appropriate construction would be treat this matter as a civil rights action. Consequently, on August 4, 2015, it issued an order directing Disch to make an election as to how he wished to proceed.[1]

On August 11, 2015, the court received correspondence from Disch advising that he wanted to convert this action into a civil rights action. The court shall honor Disch's request and proceed accordingly.

Although Disch is a prisoner, he must pay the statutory filing fee of $350.00 for this action pursuant to 28 U.S.C. § 1915(b)(1). Based upon the information provided by Disch regarding his finances, no partial filing shall be assessed. However, Disch shall be obligated to make monthly payments in the amount as determined by 28 U.S.C. § 1915(b)(2) until the statutory filing fee is

---

[1] In so doing, it advised Disch that should he elect to transform this action into a civil rights action, he would be responsible for the full $350 civil filing fee, and that his claims would be subject to initial review pursuant to 28 U.S.C. § 1915A.

1

paid in full. The full fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915(A).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Disch's request to proceed in this matter *in forma pauperis* (Docket No. 1) is **GRANTED.** Disch's habeas petition shall be "termed."

2. Disch is not assessed an initial partial filing fee. See 28 U.S.C. § 1915(b). The court need not await payment of the filing fee to conduct its initial review of Disch's claims and directs the Clerk of Court to refile what was originally styled as a habeas petition as Disch's complaint. Cf. Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) ("[T]he provisions of § 1915(b)(4) permit a prisoner to appeal if the prisoner has no assets and no means to pay the initial partial appellate filing fee. In such a case, the whole of the appellate filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)).

3. The filing fee owed shall be paid to the Clerk of this Court from Disch's inmate spending account or release aid account in accordance with 28 U.S.C. § 1915(b)(2), which requires the prisoner to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. Such payment shall be made each time the amount in the inmate spending account or release aid account exceeds $10.00 and continue until the statutory fee of $350.00 is paid in full.

4. A notice of this obligation shall be sent to Disch and the appropriate prison official.

5. The Clerk of Court shall not serve Defendant with the summons and complaint until

directed to do so by the court, following completion of substantive review of Disch's claims under 28 U.S.C. § 1915A.

Dated this 12th day of August, 2015.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court